IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERLAN LYNELL DICEY,

    Plaintiff,                    No. 2:12-cv-1107 KJN P

    vs.

DANNY KELVIN,

    Defendant.                  ORDER

_____/

        Plaintiff is a state prisoner. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On June 21, 2012, this action was dismissed without prejudice based on plaintiff's failure to file a completed in forma pauperis affidavit and a certified copy of his prison trust account statement as required by the court's May 10, 2012 order.

        On July 5, 2012 and July 18, 2012, plaintiff filed motions for reconsideration. Plaintiff alleges he submitted his completed in forma pauperis affidavit to the California State Prison-Los Angeles ("CSP-LA") trust account office on June 20, 2012. Upon further inquiry, plaintiff was informed that the CSP-LA trust account office mailed the completed and certified trust account statement to the United States District Court. (Dkt. No. 9 at 3:9-17.) However, plaintiff did not provide a copy of the notification letter confirming this mailing. Plaintiff did not provided a copy of the certified trust account statement or the completed application to proceed

1

in forma pauperis. Rather, plaintiff provided a copy of his inmate request concerning the status of the certified trust account statement, but there is no response included on the copy provided. (Dkt. No. 9 at 12.) Plaintiff provided a copy of his May 24, 2012 letter directed to the CSP-LA trust account office, but there is no response noted on this letter.

Because plaintiff was informed that the certified documents were sent to the court, the court reviewed court records to determine whether the documents were received by the court. It appears plaintiff has multiple cases pending, two of which have pending applications for leave to proceed in forma pauperis.

In <u>Dicey v. Joksch</u>, 2:12-cv-1709 JFM, plaintiff filed an incomplete request to proceed in forma pauperis on June 27, 2012. (<u>Id.</u>, Dkt. No. 2.) The certification on the bottom portion of the form was not completed by prison officials, and plaintiff did not provide a certified trust account statement for the prior six month period. In <u>Dicey v. Smith</u>, 2:12-cv-1407 GGH, plaintiff filed an incomplete application to proceed in forma pauperis on May 24, 2012. (<u>Id.</u>, Dkt. No. 2.) As in the instant case, plaintiff was required to submit the certified trust account statement, and a completed application. However, unlike the instant case, plaintiff filed the completed application to proceed in forma pauperis on July 12, 2012. (<u>Id.</u>, Dkt. No. 6.) The application was signed by plaintiff on June 21, 2012, and certified by CSP-LA trust account officials on July 3, 2012. (<u>Id.</u>)

Plaintiff is advised that it is his responsibility to prosecute his own civil rights actions. If plaintiff intends to prosecute more than one action at a time, it is plaintiff's responsibility to ensure that he timely complies with the requirements in each case. Moreover, plaintiff must provide completed applications to proceed in forma pauperis, including certified trust account statements, in <u>each</u> civil rights action. It appears that plaintiff did not include a case number on the application to proceed in forma pauperis filed on July 12, 2012. However, by July 12, 2012, the instant action was closed. Thus, the application was properly-filed in his pending case, 2:12-cv-1407 GGH.

Because the instant action cannot proceed until plaintiff provides a completed in forma pauperis application and the certified trust account statement, the court will not reopen this action at this time. In other words, this case will remain closed. However, plaintiff will be provided with an application to proceed in forma pauperis. The court will entertain a renewed request for reconsideration provided it is accompanied by the completed application and certified trust account statement required by this court's May 10, 2012 order. Plaintiff may avoid these types of delays in the future by providing the completed application and certified trust account documents with the initial complaint. Plaintiff should also take care to provide the appropriate court case number on all subsequent filings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 5, 2012 and July 18, 2012 motions (dkt. nos. 9, 10) are denied without prejudice; and

2. The Clerk of the Court is directed to send plaintiff an application to proceed in forma pauperis by a prisoner.

DATED: July 27, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dice1107.rec